UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLAND CASUALTY COMPANY,<br><br>       Plaintiff,<br><br>   v.<br><br>ELECTROLUX HOME PRODUCTS, INC., et al.,<br><br>       Defendants. | 1:10-cv-0232 OWW SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>**Discovery Cut-Off: 1/3/11**<br><br>**Non-Dispositive Motion Filing Deadline: 1/18/11**<br><br>**Non-Dispositive Motion Hearing Date:  2/18/11 9:00 Ctrm. 8**<br><br>**Dispositive Motion Filing Deadline: 2/3/11**<br><br>**Dispositive Motion Hearing Date:  3/7/11 10:00 Ctrm. 3**<br><br>**Settlement Conference Date: 1/19/11 10:00 Ctrm. 8**<br><br>**Pre-Trial Conference Date: 4/11/11 11:00 Ctrm. 3**<br><br>**Trial Date: 5/24/11 9:00 Ctrm. 3 (JT-6 days)** |

I.   Date of Scheduling Conference.

   June 9, 2010.

II.  Appearances Of Counsel.

   Jennifer A. Kung, Esq., appeared on behalf of Plaintiff.

   Heather Ijams, Esq., appeared on behalf of Defendants

1

Electrolux Home Products, Inc. and Lowe's HIW, Inc.

III.  Summary of Pleadings.

 1.   This is a subrogation action filed by Plaintiff, Maryland Casualty Company, to recover $229,688.96 paid to or on behalf of its insured, Berkshire Properties, relating to a fire that occurred on December 21, 2008.  Such fire started in a business office for Berkshire Properties, located at 1706 Chester Avenue, Bakersfield, California, at 5:52 a.m.

 2.   Plaintiff, Maryland Casualty, filed the Complaint for Damages in the Superior Court of California, County of Kern (Bakersfield), on December 2, 2009.  The named Defendants are Electrolux Home Products, Inc., and Lowe's HIW, Inc.  Plaintiff contends that a small beverage refrigerator that was in the office had a defect, which started the fire.  The refrigerator was manufactured by Electrolux and sold by Lowe's.

 3.   The Complaint contains the following causes of action:
     a.   Products liability against all Defendants;
     b.   Strict liability against all Defendants;
     c.   General negligence against all Defendants.

 4.   On February 10, 2010, Defendant Electrolux filed a Notice of Removal of Action to the United States District Court under 28 U.S.C. § 1441(B), on the grounds that the amount in controversy exceeds $75,000 and there is complete diversity.  Defendant attempted to remove the matter to the Eastern District in Bakersfield, however, the matter was assigned to this Court.

 5.   Plaintiff claims that the fire resulted from a defect in the beverage refrigerator.  Defendants assert, however, that the fire started due to a malfunction of a small electric heater

2

that was mounted on the wall near the subject refrigerator. As such, the key issues are:

    a. Was there a defect in the subject refrigerator, and if so, did it cause the fire?

    b. If there was a defect in the refrigerator, and it caused the fire, were the amounts paid by Plaintiff reasonable?

6. Plaintiff is claiming damages relating to the fire claim, in the amount of $229,688.96. The damage documents will be produced by Plaintiff to counsel for Defendants on or before April 8, 2010.

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

    1. Maryland Casualty Company is licensed to do business as a casualty insurer in the State of California.

    2. Defendant Electrolux Home Products, Inc. is a corporation incorporated under the laws of the State of Delaware.

    3. Lowe's HIW, Inc. is a corporation incorporated under the laws of Washington State.

    4. Plaintiff indemnified its insured, Berkshire Properties, relating to a fire that occurred December 21, 2010 at 1706 Chester Avenue, Bakersfield, California.

    5. Such indemnity was paid under a written contract of insurance.

    6. Plaintiff asserts subrogation rights in this

3

action against Defendants claiming that said Defendants are responsible in whole or in part for the damages that are the subject of indemnity payment in the amount of $229,688.96.

    B.    Contested Facts.

        1.    The remaining facts as to liability, the extent and nature of damages, and comparative fault are disputed.

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction is asserted under 28 U.S.C. § 1332.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree that the substantive law of the State of California provides the rule of decision in this diversity action.

    B.    Contested.

        1.    All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    The parties have engaged in their Rule 26 disclosures

1 and Plaintiff's compliance is ongoing.

2. The parties are ordered to complete all non-expert discovery on or before December 1, 2010.

3. The parties are directed to disclose all expert witnesses, in writing, on or before October 15, 2010. Any rebuttal or supplemental expert disclosures will be made on or before November 15, 2010. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4. The parties are ordered to complete all discovery, including experts, on or before January 3, 2011.

5. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 18, 2011, and heard on February 18, 2011, at 9:00 a.m. before Magistrate Judge Sheila K. Oberto in Courtroom 8.

2. In scheduling such motions, the Magistrate

5

Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than February 3, 2011, and will be heard on March 7, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   April 11, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   May 24, 2011, at the hour of 9:00 a.m. in Courtroom 3,

6

7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    Five to six days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for January 19, 2011, at 10:00 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the

7

parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.    Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

**XVI. Related Matters Pending.**

    1.    There are no related matters.

**XVII.    Compliance With Federal Procedure.**

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///
///

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   June 10, 2010**                    **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE