1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARYLAND CASUALTY COMPANY,** | 1:10-cv-00232-OWW-JLT |
| **Plaintiff,** | **ORDER REGARDING MOTION TO INTERVENE (Doc. 16)** |
| **v.** | |
| **ELECTROLUX HOME PRODUCTS, INC., et al.,** | |
| **Defendants.** | |

**I.  INTRODUCTION.**

Plaintiff Maryland Casualty Company ("Plaintiff") proceeds with this action for damages against Defendants Electrolux Home Products, Inc., and Lowes Companies, Inc.

On August 19, 2010, Valley Forge Insurance Company ("Valley Forge") filed the instant motion to intervene. (Doc. 16).  No party has filed opposition to Valley Forge's motion.

**II.  FACTUAL BACKGROUND.**

This action arises out of a fire that occurred on December 21, 2008 at a commercial property located at 1706 Chester Avenue in Bakersfield, California ("Property").  (Complaint at 3).  According to the complaint, the fire was caused by a failure in an Electrolux refrigerator located at the property.  (Id.).  At the time of the fire, Plaintiff was an insurer of the Property pursuant to a policy

**1**

1  of liability insurance taken out by Berkshire Properties.  (Id.);

2  (Motion to Intervene at 1). As a result of the fire, Plaintiff's

3  insured, Berkshire Properties, filed a claim for property damages

4  in the amount of $229,688.96.  (Id.).  Plaintiff was required to

5  and did make payments on behalf of its insured.  (Complaint at 3).

6  The complaint seeks reimbursement from Defendants for damages

7  caused by the fire.

8       At the time of the fire, Valley Forge was also an insurer of

9  the Property pursuant to a policy of liability insurance taken out

10  by Vallitix, LLC.  (Motion to Intervene at 1).   Valley Forge paid

11  Vallitix $97,307.57 in connection with property damage Vallitix

12  sustained as a result of the fire.   Valley Forge also seeks

13  reimbursement from Defendants for damages caused by the fire.

### III. **LEGAL STANDARD**.

15       Intervention is governed by Federal Rule of Civil Procedure

16  24.  With respect to permissive intervention under Rule 24(b), the

17  Court may grant a timely motion to intervene if it is brought by

18  one who is (1) given a conditional right to intervene by a federal

19  statute; or (2) has a claim or defense that shares with the main

20  action a common question of law or fact.   Fed. R. Civ. P. 24(b).

21  An applicant who seeks permissive intervention must prove that it

22  meets three threshold requirements: (1) it shares a common question

23  of law or fact with the main action; (2) its motion is timely; and

24  (3) the court has an independent basis for jurisdiction over the

25  applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th

26  Cir. 1998).

27  ///

28  ///

**2**

1

#### IV. **DISCUSSION**.

2       Valley Forge satisfies all requirements for permissive
3   intervention. First, Valley Forge has established that common
4   questions of fact connect its claim with Plaintiff's claim against
5   Defendants: all claims arise out of the same fire allegedly caused
6   by the failure of a product supplied by Defendants. Second, there
7   is an independent basis for jurisdiction over Valley Forge's claims
8   based on diversity of citizenship.[1] Finally, Valley Forge's motion
9   is timely under the circumstances. In assessing timeliness, courts
10  in the Ninth Circuit must consider: (1) the current stage of the
11  proceedings; (2) whether the existing parties would be prejudiced;
12  and (3) the reason for any delay in moving to intervene. *League of*
13  *United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.
14  1997). Existing parties are not prejudiced when "the motion was
15  filed before the district court made any substantive rulings."
16  *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837
17  (9th Cir. 1996).

18      The complaint was filed on February 10, 2010. (Doc. 1).
19  Valley Forge first learned of this case on July 26, 2010.
20  (Stephens Dec. at 1-2). Valley Forge filed its motion to intervene
21  on August 19, 2010, before any substantive rulings in the case had
22  been made. (Doc. 16). Given the current stage of the litigation,
23  the lack of prejudice any party will suffer, and the legitimate
24  reason for Valley Forge's delay in filing the instant motion, the

25

26       [1] Although Valley Forge's motion erroneously invokes original federal jurisdiction
27   based on the conclusory statement that its claim arises under federal law, (Motion at 2),
     it appears that the actual basis is diversity. It appears Valley Forge and Defendants
28   are of diverse citizenship, and Valley Forge's claim is for over ninety-thousand dollars.

**3**

timeliness factor weighs in favor of granting Valley Forges motion to intervene.

**ORDER**

_____For the reasons stated, Valley Forge's motion to intervene is GRANTED.

IT IS SO ORDERED.

**Dated:   October 25, 2010**                            _____**/s/ Oliver W. Wanger**_____
                                                          UNITED STATES DISTRICT JUDGE

**4**